THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIMAR SHIPPING LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL FISHING, INC., et al.,<br><br>Defendants. | CASE NO. C09-1825-JCC<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

This matter was tried to the Court, sitting without a jury, from February 2 to February 9, 2012. Plaintiff Simar Shipping Limited ("Simar") appeared through its attorneys Charles Moure of Harris & Moure and John Rapp of Emerald Education Group. Defendant Global Fishing, Inc. ("Global Fishing") appeared through its attorneys Scott Zanzig and Arthur Claflin of Hall Zanzig Claflin McEachern. Defendant Global Trading Resource Co. ("Global Trading") appeared through its attorney Jonah Harrison of Impact Law Group. Defendant Marine Treasures, Inc. ("Marine Treasures") appeared through its attorney Steven Fogg of Corr Cronin Michelson Baumgardner & Preece.

Having heard the evidence presented by the parties, and having heard the argument of counsel, the Court makes the following findings of fact and conclusions of law:

## I. FINDINGS OF FACT

1. Simar is a company formed under the laws of Cyprus. Simar's business

operations were controlled by Sergey Darminov. Mr. Darminov had an ownership interest in a number of related Russian companies that did business under the name "East Fish." Mr. Darminov also was vice president of East Fish.

2. Global Fishing is a Washington corporation with its principal place of business in Bellevue, Washington.

3. Global Trading is a Washington corporation with its principal place of business in Bellevue, Washington.

4. Marine Treasures is a Washington corporation with its principal place of business in Bellevue, Washington.

5. Simar's Second Amended Complaint, dated September 9, 2011, includes claims against Global Fishing for breach of contract, account stated, and unjust enrichment. It also includes claims of fraudulent transfer against all Defendants under RCW 19.40.041.

6. The crux of Simar's case is its breach of contract claim. Simar alleges that Simar and Global Fishing concluded a contract in 2007, pursuant to which Simar would deliver approximately 505 metric tons of crab to Global Fishing, and Global Fishing would pay Simar for the crab. Global Fishing denies the existence of such a contract.

7. Simar has failed to prove the existence of the alleged contract between Simar and Global Fishing. The evidence presented at trial did not demonstrate that Simar and Global Fishing mutually assented to a contract as Simar alleges. Simar could not produce the written contract it contends was signed by the parties, and the Court finds that the testimony Simar offered in support of the existence of such a contract was not credible.

8. Simar's claim for account stated is based on Simar's allegation that it sent Global Fishing an invoice to which Global Fishing failed to respond. It is questionable whether the doctrine of account stated applies in this case, because there is no evidence of a series of transactions between the parties. Instead, the pro forma invoice Simar sent to Global Fishing was based on one alleged transaction. In any event, Simar's claim for account stated fails because

Global Fishing did not manifest assent to Simar's pro forma invoice. To the contrary, the evidence established that after receiving the pro forma invoice, Global Fishing's Alla Derevyanny told Mr. Darminov that Global Fishing disputed any debt to Simar and would not pay Simar.

9. Simar's unjust enrichment claim is based on Simar's allegation that it conferred a benefit on Global Fishing by delivering crab worth approximately $5.8 million to Global Fishing, and Global Fishing's retention and sale of the crab at issue unjustly enriched Global Fishing at Simar's expense. Global Fishing denies that it received any crab from Simar; it contends that it received the crab from a group of related Russian companies that identified themselves as the "holdings" of East Fish, and that it prepaid East Fish for the crab.

10. Simar has failed to prove the elements of its unjust enrichment claim. Simar failed to prove that it conferred any benefit on Global Fishing, because Simar failed to establish that it owned the crab. The evidence establishes that Simar did not harvest the crab and did not pay for the crab. Global Fishing chartered the tramper vessel M/V BARON to take delivery of the crab directly from seven fishing vessels at their fishing grounds in September 2007. The seven vessels were owned or managed by East Fish. Thus, the Court finds that the evidence is inconsistent with Simar ever having had title to the crab shipment.

11. Simar also failed to prove that Global Fishing unjustly retained any benefit when it received the crab. Uncontroverted evidence establishes that Global Fishing paid East Fish for the crab by making prepayments requested by East Fish before the crab was delivered. Global Fishing also made prepayments of more than $11 million for fuel for East Fish vessels, including the seven vessels that harvested and delivered the crab at issue.

12. Global Fishing had an ongoing relationship with East Fish for the purchase of crab. Global Fishing made prepayments requested by East Fish. In exchange, East Fish delivered crab to Global Fishing. Global Fishing maintained accounting records of its relationship with East Fish. Those records reflect Global Fishing's prepayments and the credits East Fish received

when it delivered crab. Global Fishing's records establish that it made prepayments during 2007 that exceeded the value of crab East Fish delivered; that Global Fishing gave East Fish full credit for the value of the crab at issue in this case when it was delivered; and that East Fish still remained indebted to Global Fishing after the credit for the crab at issue in this case.

13. Simar's fraudulent transfer claims are based on Simar's allegation that Global Fishing transferred assets to Global Trading and Marine Treasures to hinder Simar's collection of a debt owed by Global Fishing. Global Fishing, Global Trading, and Marine Treasures deny that any transfers were made for such a purpose. They contend that all transfers from Global Fishing to Global Trading or Marine Treasures were made for valid business purposes, and Global Fishing received reasonably equivalent value in return.

14. Simar's claim for fraudulent transfer is contingent upon Simar's claim that Global Fishing owed a debt to Simar for the crab at issue and that Simar was therefore a creditor of Global Fishing. Because Simar has not established its claims against Global Fishing for breach of contract, account stated, and unjust enrichment, Global Fishing owed no debt to Simar, and Simar was not Global Fishing's creditor. Accordingly, any transfers from Global Fishing to Global Trading or Marine Treasures could not be made in hindrance of such a debt, and there is no basis for Simar's fraudulent transfer claims.

## II. CONCLUSIONS OF LAW

1. Simar has failed to establish a claim against Global Fishing for breach of contract. Simar did not meet its burden of proving the existence of a contract between Simar and Global Fishing. A valid contract requires a meeting of the minds on essential terms. The evidence presented at trial did not demonstrate that Simar and Global Fishing mutually assented to a contract. Rather, the evidence established that Global Fishing refused to sign the proposed draft contracts Sergey Darminov sent to Global Fishing on behalf of Simar in October 2007.

2. Simar has failed to establish a claim against Global Fishing for account stated. The doctrine of account stated applies to situations in which two parties engage in a series of

transactions, an accounting is performed to determine a balance owing from one party to another, and the parties mutually assent to the accounting. *See Rustlewood Ass'n v. Mason County*, 96 Wash. App. 788, 798, 981 P.2d 7 (1999). Simar failed to establish that the doctrine applies to this case, because Simar's claim and pro forma invoice were based on a single alleged transaction, not a series of transactions. Simar also failed to establish that Global Fishing assented to Simar's pro forma invoice. To the contrary, the evidence established that Global Fishing objected to Simar's pro forma invoice and denied the existence of any debt to Simar.

3. Simar has failed to establish a claim against Global Fishing for unjust enrichment. To prevail on its unjust enrichment claim, Simar was required to prove that it conferred a benefit on Global Fishing, that Global Fishing retained the benefit, and that it would be inequitable for Global Fishing to retain the benefit without payment of its value. *See Young v. Young*, 164 Wash. 2d 477, 484, 191 P.3d 1258 (2008) (citing *Bailie Communications, Ltd. v. Trend Bus. Sys., Inc.*, 61 Wash. App. 151, 159-60, 810 P.2d 12 (1991)). Simar failed to establish that it conferred any benefit on Global Fishing, because Simar failed to establish that it owned the crab Global Fishing received from the seven East Fish vessels. Simar also failed to establish that Global Fishing was unjustly enriched, because Global Fishing paid East Fish for the crab.

4. Simar also has failed to establish a claim against Global Fishing, Global Trading, or Marine Treasures for fraudulent transfer. RCW 19.40.041 provides as follows:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > (1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
> >
> > (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> >
> > > (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

FINDINGS OF FACT AND CONCLUSIONS OF LAW
PAGE - 5

(ii) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Thus, RCW 19.40.041 requires that Simar first prove that it was a creditor of Global Fishing in order to prevail on its claims for fraudulent transfer. Because Simar failed to so prove, its claims for fraudulent transfer necessarily fail.

5. All claims by Simar against Global Fishing, Global Trading, and Marine Treasures are dismissed with prejudice.

6. As prevailing parties, Defendants are entitled to an award of costs.

DATED this 14 day of May 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE